Opinion issued November 30, 2006














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00324-CV

____________


IN RE BILL HEARD CHEVROLET, LTD., Relator






Original Proceeding on Petition for Writ of Mandamus






CONCURRING OPINION

 I join the panel opinion. I write separately to point out that this case illustrates
the inequity and enormous waste of judicial and legal resources that have followed
on the supreme court's determination in Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d
266 (Tex. 1992), that a state court order granting or denying a motion to compel
arbitration under the Federal Arbitration Act (FAA) must be reviewed by mandamus
and not by interlocutory appeal. Id. at 272. The court reasoned that although the
FAA itself provides for interlocutory review of orders on motions to compel
arbitration, Texas state court procedure, not federal procedure, governs in state court
and Texas law does not provide for interlocutory appeal of an order under the FAA,
only for interlocutory appeal of an order under the Texas Arbitration Act (TAA). Id.
at 271-72. Thus, if a motion to compel arbitration under the FAA is heard in state
court, only mandamus is available to protest the trial court's order, even though if the
same case were brought under the FAA in federal court, interlocutory appeal would
be available, and if the same case were brought under the TAA, interlocutory appeal
would be available. 

 As the supreme court acknowledged in Jack B. Anglin, litigants who allege
entitlement to arbitration under the FAA, or in the alternative under the TAA, "are
burdened with the need to pursue parallel proceedings--an interlocutory appeal of the
trial court's denial under the Texas Act, and a writ of mandamus from the denial
under the Federal Act." Id. Although the court opined, "[W]e can conceive of no
benefit from such an unnecessarily expensive and cumbersome rule," it concluded,
that it could "not enlarge appellate jurisdiction absent legislative mandate." Id. 
Therefore, it urged the Legislature "to consider amending the Texas Act to permit
interlocutory appeals of orders issued pursuant to the Federal Act." Id. It urged in
vain.

 To date, 1182 cases have cited to Jack B. Anglin. Many of these cases have
involved situations where the applicability of the FAA was uncertain. In these cases,
not only must litigants go to the expense of two sets of filings, and reviewing courts
go through a two-fold process of review just to determine the fundamental nature of
their jurisdiction, but there are hidden risks in requiring the filing of a mandamus in
FAA cases, which this case illustrates. Specifically, the mandamus record may be
incomplete because, as here, no signed order or evidence to resolve the mandamus is
included with the petition, whereas an interlocutory appeal could simply be decided
on the law.

 Moreover, unlike review of an appeal, the court of appeals is not required to
issue a written opinion explaining its denial of mandamus relief. Compare Tex. R.
App. P. 52.8(d) ("When denying relief [in an original proceeding], the court may hand
down an opinion but is not required to do so."), with Tex. R. App. P. 47.1 (requiring
written opinion "that addresses every issue raised and necessary to final disposition
of the appeal"). Thus, not only may the reviewing court in a mandamus proceeding
fail to reach the merits of the trial court's order compelling or denying arbitration
under the FAA, it is not even required to tell the litigants that their mandamus failed
for want of a complete record, or perhaps because the petition was not verified, rather
than for want of a meritorious argument--thus inviting repetition of the error. 

 Like the supreme court writing 14 years ago in Jack B. Anglin, I "can conceive
of no benefit from such an unnecessarily expensive and cumbersome rule," but I
recognize that the courts "may not enlarge appellate jurisdiction absent legislative
mandate." 842 S.W.2d at 273. Therefore, I second the supreme court's request that
the Legislature amend the TAA to permit interlocutory appeals of orders issued
pursuant to the FAA.





 Evelyn V. Keyes

 Justice


Panels consists of Justices Taft, Keyes, and Hanks.

Justice Keyes, concurring.